Peter C. Warner (admitted *pro hac vice*)
1723 W. 4th Street
Tempe, AZ 85281-2404
Tel.: (480) 894-6500
Fax: (602) 798-8279
Attorney for Plaintiff

Gregory P. Sitrick (admitted *pro hac vice*)
BELL, BOYD & LLOYD LLC
70 W. Madison Street
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
Attorney for Defendant International Game Technology

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Plaintiff Cynthia Jean Goff as Administrator of the Estate of Lawrence J. Torango,<br><br>    Plaintiff,<br><br>vs.<br><br>Harrah's Operating Company, Inc., et al.,<br>    Defendants. | No. CV-N- 03-0690-ECR-RAM |

**STIPULATED MOTION FOR ENTRY OF ORDER**

Pursuant to the Court's rulings at oral argument on August 4, 2006 as reflected in the Court's Minutes of Proceedings (Docket # 299) the undersigned parties attach as Exhibit A hereto a copy of the June 8, 2006 stipulation entered between Plaintiff Cynthia Jean Goff as Administrator of the Estate of Lawrence J. Torango ("Plaintiff") and Defendant International Game Technology ("IGT"). Pursuant to that stipulation, Plaintiff and IGT move the Court to order the following:

    1.    IGT's claims for interference with prospective advantage and inducement of infringement are dismissed with prejudice.

1

2. IGT's defenses of laches and estoppel to Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications are dismissed with prejudice. However, dismissal of these defenses of laches and estoppel does not foreclose IGT's right to raise the defenses of laches and estoppel to claims other than Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications in future litigation or to additional claims or counterclaims Plaintiff may bring in the present litigation.

3. IGT's defense of invalidity to Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications is dismissed without prejudice. Dismissal of this defense of invalidity is without prejudice and does not foreclose IGT's right to raise the defense of invalidity of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications in future litigation.

Pursuant to Rule V.C of the Electronic Procedures of this Court, Peter C. Warner attests that Gregory P. Sitrick, on behalf of Defendant International Game Technology, consents to his signature to this document.

Respectfully submitted,
PETER C. WARNER, P.C.

Dated: August 9, 2006   By:   /s/ Peter C. Warner
                              Peter C. Warner, Esq.
                              Attorney for Plaintiff

Dated: August 9, 2005   By:   /s/ Gregory P. Sitrick
                              Gregory P. Sitrick, Esq.
                              Attorney for Defendant
                              International Game Technology

IT IS SO ORDERED:
Dated: August 10, 2006

_____
UNITED STATES MAGISTRATE JUDGE

2

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that a copy of the foregoing document along with the attached Exhibit A |
| 3 | was served via the Court's ECF system this 9th day of August, 2006, to: |
| 4 | |
| 5 | Anthony de Alcuaz, Esq.<br>McDERMOTT, WILL & EMERY |
| 6 | 3150 Porter Dr.<br>Palo Alto, CA 94304 |
| 7 | adealcuaz@mwe.com |
| 8 | Paul Hejmanowski, Esq. |
| 9 | LIONEL SAWYER & COLLINS<br>1700 Bank of America Plaza |
| 10 | 300 S. Fourth St.<br>Las Vegas, NV 89101 |
| 11 | phejmanowski@lionelsawyer.com |
| 12 | |
| 13 | /s/ Peter C. Warner<br>Peter C. Warner |

3

TABLE OF CONTENTS OF EXHIBIT

<u>**Exhibit**</u>     <u>**Description**</u>

A              6/8/06 IGT – Goff Stipulation

# EXHIBIT A

## Stipulation

In the matter of Goff v. Harrah's et. al., regarding Defendant, International Game Technology's Amended Answer and Counterclaims, Plaintiff Cynthia Jean Goff as administrator of the estate of Lawrence J. Torango, and Defendant, International Game Technology ("IGT"), stipulate to the following:

1. Ms. Goff will not object to IGT's Motion for Leave to Amend its Answer and Counterclaims.

2. In its Amended Answer and Counterclaims, IGT will add one defense, co-ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications by virtue of joint inventorship, to Plaintiff's claim for declaratory judgment.

3. In its Amended Answer and Counterclaims, IGT will add one counterclaim, correction of inventorship for U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460, pursuant to 35 U.S.C. § 256.

4. IGT will dismiss, with prejudice, its claims for interference with prospective advantage and inducement of infringement.

5. IGT will dismiss, with prejudice, its defenses of laches and estoppel to Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications. However, IGT's dismissal of its defenses of laches and estoppel does not foreclose IGT's right to raise the defenses of laches and estoppel to claims other than Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications in future litigation or to additional claims or counterclaims Plaintiff may bring in the present litigation.

6. IGT will dismiss, without prejudice, its defense of invalidity to Plaintiff's claim for declaratory judgment of ownership of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications. IGT's dismissal of its defense of invalidity is without prejudice and does not foreclose IGT's right to raise the defense of invalidity of U.S. Patent Nos. 6,241,608, 6,435,968 and 6,592,460 and any related patents or applications in future litigation.

7. By stipulating to IGT's Amended Answer and Counterclaims and not objecting to IGT's Motion for Leave to Amend, Plaintiff does not waive its right to raise defenses to any part of IGT's Amended Answer and Counterclaims.

8. Plaintiff's Reply Counterclaim Against Defendant IGT dated June 14, 2004 and Defendant IGT's Reply to Plaintiff's Reply Counterclaim dated March 2, 2005 remain unaffected by IGT's Amended Answer and Counterclaims.

Dated: June 8, 2006   By: _____
Peter C. Warner, Esq.
Attorney for Plaintiff

Dated: June 8, 2006   By: _____
Gregory P. Sitrick, Esq.
Attorney for Defendant IGT

BELL, BOYD & LLOYD

2